**Dora Alicia QUINTANA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75490.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

Michael S. Cabrera, Esq., Huntington Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Frank D. Able, Esq., U.S. Attorney, Dallas, TX, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Dora Alicia Quintana, a native and citizen of Guatemala, petitions for review of the final order of the Board of Immigrations Appeals ("BIA") summarily affirming without opinion an immigration judge's ("IJ") denial of her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995), we grant the petition for review and remand.

Quintana produced evidence that would compel a reasonable fact-finder to conclude that she has suffered past persecution on

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

account of imputed political opinion. In light of the combined effect of her family affiliation and her status as an eyewitness to a massacre, Quintana produced evidence that the guerrillas pursued her out of a motivation that stems at least in part from imputed political opinion. *Borja v. INS,* 175 F.3d 732, 736 (9th Cir.1999) (en banc) (citation omitted). A rebuttable presumption thus arises that Quintana has a well-founded fear of future persecution if she were to return to Guatemala. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103 (9th Cir.2004).

We grant the petition and remand to the BIA for a consideration of whether evidence of changed country conditions overwhelms the presumption. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**GRANTED and REMANDED.**

Judge RYMER dissents.